

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GREGORY BOS and ELIZABETH BOS,<br><br>Debtors<br>_____<br><br>THE BOARD OF TRUSTEES, in their capacities as Trustees of THE CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA, et al ,<br><br>Plaintiffs,<br><br>v<br><br>GREGORY BOS,<br><br>Defendant<br>_____ | Case No  11-24987-D-7<br><br><br><br><br><br><br>Adv  Pro  No  11-02390-D<br><br>Docket Control No   DNL-1<br><br><br><br><br><br>DATE    December 14, 2011<br>TIME    10 00 a m<br>DEPT    D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion**

## MEMORANDUM DECISION

On November 2, 2011, defendant Gregory Bos ("Bos") filed a Motion for Summary Adjudication, bearing Docket Control No  DNL-1 (the "Motion")   Plaintiffs the Board of Trustees, in their capacities as Trustees of the Carpenters Health and Welfare Trust Fund for California, Carpenters Vacation Holiday Trust Fund for Northern California, Carpenters Pension Trust Fund for Northern California, Carpenters Annuity Trust Fund for Northern California, and Carpenters Training Trust Fund for Northern

California, and Northern California Carpenters Regional Council (collectively the "Plaintiffs") oppose the Motion.  For the reasons set forth below, the Motion will be denied.

## I.  INTRODUCTION

The following facts are not in dispute.  The Plaintiffs represent the interests of various trust funds -- established by a series of trust agreements -- for the benefit of carpentry workers (the "Trust Funds").  The benefit plans established by the trust agreements are governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA").  Bos was the owner, operator, and active participant in the management of a business known as Bos Enterprises, Inc. ("BEI").  Bos did business as a contractor in the State of California as an employer within the meaning of the Labor-Management Relations Act.[1]

/ / /

---

[1]  The Motion generates some confusion over the distinction between Bos and BEI.  The preceding two sentences of this decision and the next one are taken directly from Bos's statement of undisputed facts; according to that statement, these are facts Bos has admitted by way of his answer to the Plaintiffs' complaint.  Having admitted his active role in the management of the business, and that he did business as a contractor in California <u>as an employer</u>, it is unclear why he maintains a distinction between himself and BEI for purposes of the Plaintiffs' fiduciary duty claim.

However, the Motion "assumes Bos has personal liability," but expressly does not concede the point, Motion for Summary Adjudication, filed on November 2, 2011 ("Motion") at 5:27-28, n.1, and the parties have not briefed the issue.  Thus, the court decides herein the only issue on which Bos seeks a ruling -- whether it may be determined as a matter of law that he was not a fiduciary of the Trust Funds for purposes of § 523(a)(4).  For simplicity, this decision will refer to the employer as Bos.  This is not meant to conclude, one way or the other, that Bos owes these obligations in his individual capacity.

Bos was a member of the Modular Installers Association, an employer association, and bound to a collective bargaining agreement of the Carpenters' 46 Northern California Counties Conference Board of the United Brotherhood of Carpenters and Joiners of America (the "CBA")  The Modular Installers Association is bound to the collective bargaining agreement through the Office Modular Systems Addendum to the CBA (the "CBA Addendum")

Upon executing the CBA Addendum, the Modular Installers Association agreed to wages, fringe benefits, and working conditions set forth in the CBA  The CBA required Bos to hire unionized carpentry workers and compensate them for work according to the terms of the CBA, one of Bos's obligations was to remit monthly contributions to the Trust Funds for the purpose of providing employee benefits [2]  On or about March 9, 2009, Bos and the Trust Funds resolved a dispute over unpaid contributions by way of a promissory note, signed by Bos, individually, pursuant to which he promised to pay the Trust Funds the sum of $359,592 09, then due and owing for unpaid benefit contributions since August of 2008  Bos failed to make payments on the note

The Plaintiffs' first amended complaint in this adversary proceeding alleges, inter alia, a claim pursuant to 11 U S C § 523(a)(4) for breach of fiduciary duty

/ / /

/ / /

---

[2]  This fact -- that <u>Bos</u> was required to remit the contributions to the Trust Funds -- comes directly from Bos's statement of undisputed facts, although he then says <u>BEI</u> failed to remit amounts to the Trust Funds

II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Motion is brought pursuant to Fed. R. Civ. P. 56, made applicable in this proceeding by Fed. R. Bankr. P. 7056.[3]

A. Standards for Summary Judgment

Where a motion for summary judgment is before the court, the court must render judgment for the movant if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The moving party bears the burden of producing evidence showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986).

Once the moving party has met its initial burden, the non-moving party must show specific facts demonstrating the existence of genuine issues of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986).[4] To demonstrate the presence or absence of a genuine dispute, a party

---

[3] As used herein, "Rule 56" means Fed. R. Civ. P. 56, as incorporated by Fed. R. Bankr. P. 7056. Unless otherwise indicated, all Code, chapter, section and other Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[4] Pursuant to Rule 56(d), the Plaintiffs request that consideration of the Motion be deferred until discovery is complete. Plaintiffs' Opposition to Defendant's Motion for Summary Adjudication, filed November 16, 2011 ("Opp.") at 5:1-2, Declaration of Jordan D. Mazur. As discussed below, since Bos has failed to establish that he is entitled to a determination of fact as a matter of law, the Motion may be decided at this time.

must cite to specific materials in the record, or submit an affidavit or declaration by a competent witness based on personal knowledge.  See Rule 56(c)(1), (4).

B.  **The Motion Permissibly Addresses Only the Fiduciary Capacity Element of Section 523(a)(4).**

The Motion concerns a portion of the second cause of action of the Plaintiffs' first amended complaint -- to determine that Bos's failure to pay required trust fund contributions constitutes a non-dischargeable debt under § 523(a)(4). Specifically, Bos seeks to adjudicate the discrete issue of whether Bos is a "fiduciary" as that term is understood under § 523(a)(4). The Plaintiffs contend that such partial relief is impermissible under Rule 56.[5] The court disagrees.

By its plain words, Rule 56(a) allows a party to move for summary judgment on part of a claim or defense.[6] As of December 1, 2010, Rule 56 officially recognized partial summary judgment. See Rule 56(a)(caption states, "Motion for Summary Judgment or *Partial Summary Judgment*")(emphasis added); Advisory Committee Note to 2010 Amendment ("The first sentence [of subdivision (a)] is added to make clear at the beginning that summary judgment may be requested . . . as to . . . part of a claim or defense."). The cases on which the Plaintiffs rely are no longer valid after the 2010 amendments to Rule 56. Therefore, Bos may obtain summary adjudication on a portion of the Plaintiffs' § 523(a)(4) cause of

---

    5   Opp. at 7:24-27.

    6   "A party may move for summary judgment, identifying each claim or defense – *or the part of each claim or defense* – on which summary judgment is sought." Rule 56(a)(emphasis added).

- 5 -

action

Next, although Bos is seeking a determination that he was not a fiduciary under § 523(a)(4), the relief he seeks is on the entire cause of action. In other words, Bos contends that if he is not a fiduciary, then the Plaintiffs' second cause of action must fall in its entirety.[7] This is simply incorrect.

Section 523(a)(4) provides that an individual is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The phrase "while acting in a fiduciary capacity" qualifies the words "fraud or defalcation," which leaves embezzlement and larceny as independent avenues for establishing non-dischargeability under § 523(a)(4).[8] Thus, the fiduciary capacity requirement applies only to debts for fraud or defalcation; embezzlement and larceny do not require the existence of a fiduciary relationship. See Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1125 (9th Cir. 2003); see also Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1185 (9th Cir. 1996); Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 555 (9th Cir. 1991).

The Plaintiffs, therefore, correctly contend that a § 523(a)(4) cause of action may rest on proof of larceny or embezzlement alone; proof of fiduciary fraud or defalcation is

---

[7] Motion at 4:20-21, 9:12-13; Reply to Plaintiffs' Opposition to Motion for Summary Adjudication, filed on November 21, 2011 ("Reply") at 3:16-18, 26-27, 4:1, 14-16, 8:3-5.

[8] See 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 523.10[1][d] (16th ed. 2011)("The import of the grammatical structure is that the discharge exception applies even when the embezzlement or larceny was committed by someone not acting as a fiduciary.")

- 6 -

not necessary for a party to prevail under § 523(a)(4). Since the Plaintiffs have alleged embezzlement and larceny,[9] a determination by the court on the fiduciary capacity issue is not dispositive of the entire § 523(a)(4) cause of action.

The Motion raises only one issue -- whether Bos is correct that, as a matter of law, he was not a fiduciary of the Trust Funds for purposes of § 523(a)(4). The court makes no findings as to fraud, defalcation, embezzlement, or larceny.[10]

C. Under Ninth Circuit Law, Bos May Be an ERISA Fiduciary

In the context of alleged ERISA violations, as is the case here, where the Plaintiffs have alleged Bos violated ERISA by not making timely fringe benefit contributions pursuant to the trust agreements, a defendant who is a fiduciary under ERISA, 29 U.S.C. § 1002(21), is also a fiduciary for the purposes of § 523(a)(4). Blyler v. Hemmeter (In re Hemmeter), 242 F.3d 1186, 1190 (9th Cir. 2001) (holding that "ERISA satisfies the traditional requirements for a statutory fiduciary to qualify as a fiduciary under § 523(a)(4)"), Clark v. Glogower (In re Glogower), 320 Fed. Appx. 809, 811 (9th Cir. 2009) (citing Hemmeter and holding that "[t]he bankruptcy court correctly determined that [the defendant]

---

[9] First Amended Complaint to Determine Certain Debt to be Nondischargeable, filed July 8, 2011 ("FAC") at ¶¶ 29-30. That the embezzlement and larceny claims are not as clearly stated as they might have been is a matter Bos apparently chose not to address at the pleading stage.

[10] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)("Factual disputes that are irrelevant or unnecessary will not be counted."), 11 Moore's Federal Practice, § 56.70[2] (Matthew Bender 3d ed.)("The court may limit its consideration to those matters identified in the motion on the ground all other parts of the case are outside the scope of the motion and not properly before the court.")

not necessary for a party to prevail under § 523(a)(4). Since the Plaintiffs have alleged embezzlement and larceny,[9] a determination by the court on the fiduciary capacity issue is not dispositive of the entire § 523(a)(4) cause of action.

The Motion raises only one issue -- whether Bos is correct that, as a matter of law, he was not a fiduciary of the Trust Funds for purposes of § 523(a)(4). The court makes no findings as to fraud, defalcation, embezzlement, or larceny.[10]

C. Under Ninth Circuit Law, Bos May Be an ERISA Fiduciary

In the context of alleged ERISA violations, as is the case here, where the Plaintiffs have alleged Bos violated ERISA by not making timely fringe benefit contributions pursuant to the trust agreements, a defendant who is a fiduciary under ERISA, 29 U.S.C. § 1002(21), is also a fiduciary for the purposes of § 523(a)(4). Blyler v. Hemmeter (In re Hemmeter), 242 F.3d 1186, 1190 (9th Cir. 2001) (holding that "ERISA satisfies the traditional requirements for a statutory fiduciary to qualify as a fiduciary under § 523(a)(4)"), Clark v. Glogower (In re Glogower), 320 Fed. Appx. 809, 811 (9th Cir. 2009) (citing Hemmeter and holding that "[t]he bankruptcy court correctly determined that [the defendant]

---

[9] First Amended Complaint to Determine Certain Debt to be Nondischargeable, filed July 8, 2011 ("FAC") at ¶¶ 29-30. That the embezzlement and larceny claims are not as clearly stated as they might have been is a matter Bos apparently chose not to address at the pleading stage.

[10] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)("Factual disputes that are irrelevant or unnecessary will not be counted."), 11 Moore's Federal Practice, § 56.70[2] (Matthew Bender 3d ed.)("The court may limit its consideration to those matters identified in the motion on the ground all other parts of the case are outside the scope of the motion and not properly before the court.")

was a fiduciary for purposes of § 523(a)(4) because he was an ERISA fiduciary"), Ninth Cir. Fed. R. App. P. 32.1, <u>Cantrell</u> at 1127 n.6 (citing <u>Hemmeter</u> and 29 U.S.C. § 1002(21)(A), and holding that "ERISA fiduciaries qualify as fiduciaries within the meaning of § 523(a)(4)").

Bos does not challenge this premise -- that a fiduciary under ERISA is also a fiduciary for purposes of § 523(a)(4). His argument is that he was not a fiduciary of the Trust Funds under ERISA.

The statutory definition of a "fiduciary" under ERISA is, in relevant part:

> "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

Thus, the Motion turns on whether Bos exercised authority or control over the management or disposition of the assets of the Trust Funds.[11]

"The words of the ERISA statute, and its purpose of assuring that people who have practical control over an ERISA plan's money have fiduciary responsibility to the plan's beneficiaries, require that a person with authority to direct payment of a

---

[11] Under 29 U.S.C. § 1002(a), every employee benefit plan must appoint "one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." Alternatively, a person can be a fiduciary if that person exercises the fiduciary functions set forth in 29 U.S.C. § 1002(21)(A). Since it is undisputed that Bos was not a "named fiduciary," the only consideration for the court is whether Bos was a functional fiduciary under 29 U.S.C. § 1002(21)(A).

- 8 -

plan's money be deemed a fiduciary." <u>IT Corp. v. Gen. Am. Life Ins. Co.</u>, 107 F.3d 1415, 1421 (9th Cir. 1997). "'Any' control over disposition of plan money makes the person who has the control a fiduciary." <u>Id.</u> Thus, "a person with authority to direct payment of a plan's money [is] deemed a fiduciary." <u>Id.</u>

Bos contends he had no authority or control over the assets of the Trust Funds because he "did not control how his contributions would be spent, [and did not] make investment decisions on behalf of the union."[12] Further, he argues, he could not have been a fiduciary of the Trust Funds as to the unpaid contributions because, until paid, required contributions are not assets of the Trust Funds. The Plaintiffs contend, on the other hand, that the unpaid contributions due and owing to the Trust Funds <u>were</u> assets of the Trust Funds, and that because Bos had authority and control over the funds the Plaintiffs contend should have been used to make the contributions, Bos had authority and control over assets of the Trust Funds.

The general rule is that an employer must have paid the contributions over to the plan before the contributions become assets of the plan. <u>Cline v. Industrial Maint. Eng'g & Construction Co.</u>, 200 F.3d 1223, 1234 (9th Cir. 2000) (holding that "[u]ntil the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation"). Courts recognize, however, that there is an exception to this rule when the unpaid contributions are <u>defined as plan assets by</u>

---

12   Reply at 4:5-6.

the agreement governing the plan."[13]

The record -- as developed by the Plaintiffs -- reflects the following facts. The Trust Funds are multi-employer benefit plans established pursuant to trust agreements.[14] The Trust Funds are third-party beneficiaries of the CBA.[15] The relevant language in each of the trust agreements is that each Trust Fund "shall consist of all Contributions *required* by the Collective Bargaining Agreement or Subscriber's Agreement *to be made* for the establishment and maintenance of the [respective plan]."[16]

Thus, because the respective trust agreements define plan assets as those "required . . . to be made," the Plaintiffs are correct that unpaid contributions are plan assets for the purposes of ERISA.

Bos relies heavily upon In re Luna, 406 F.3d 1192 (10th Cir. 2005). That case held that "the [trust fund's] contractual right

---

[13] Trustees of the S. California Pipe Trades Health and Welfare Trust Fund v. Temecula Mech., Inc., 438 F. Supp. 2d 1156, 1165 (C.D. Cal. 2006) (applying exception); Trustees of Electrical Workers Health and Welfare Trust v. Campbell, 2010 WL 582553 *3 (D. Nev. Feb. 11, 2010) (citing Rahm v. Halpin (In re Halpin), 566 F.3d 286, 290 (2d Cir. 2009) and noting that "although the Ninth Circuit has not addressed the issue, other circuits and district courts in the Ninth Circuit following the Cline rule have recognized an exception where the agreement governing the plan identifies unpaid employer contributions as plan assets").

[14] Opp., Declaration of Michael J. Plommer ("Dec. Plommer"), Exh. D.

[15] Opp., Dec. Plommer, Exh. C.

[16] Dec. Plommer, Exh. D, pt. 1 at 10, Art. II, Sec. 1 (Health and Welfare Trust Fund Agreement); Exh. D, pt. 1 at 35, Art. II, Sec. 1 (Pension Trust Fund Agreement); Exh. D, pt. 2 at 18, Art. II, Sec. 1 (Vacation and Holiday Trust Fund Agreement); Exh. D, pt. 3 at 5, Art. II, Sec. 1 (Training Trust Fund Agreement); Exh. D, pt. 3 at 30, Art. II, Sec. 1 (Annuity Trust Fund Agreement)(emphasis added).

to the unpaid contributions is an 'asset' under ERISA," 406 F.2d at 1201, but that fact alone does not make an employer a fiduciary under ERISA as to unpaid contributions. Id. at 1203 (disagreeing with the proposition that "an employer automatically becomes a fiduciary of an ERISA plan as soon as it breaches its agreement to make employer contributions."). The court concluded that the decision of the employer in that case to use limited funds to pay other business expenses instead of making contributions to ERISA funds was a "business decision" that did not implicate fiduciary status. 406 F.3d at 1207-08.

Although there is no Ninth Circuit case directly on point, in <u>Northern Cal. Retail Clerks Unions & Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc.</u>, 906 F.2d 1371 (9th Cir. 1990), the court held that "in taking on the obligation to report the basis on which contributions will be made to an ERISA fund, the employer undertakes a fiduciary obligation which must be faithfully and punctiliously observed." 906 F.2d at 1373. The court also cited a district court decision as holding "that pension funds do place trust and confidence in the employer-contributors." Id., citing <u>Seymour v. Hull & Moreland Engineering</u>, 418 F.Supp. 190, 197 (C.D. Cal. 1976). The <u>Jumbo Markets</u> case is not directly on point here, but it is a strong indication of the Circuit's view of the employer-trust fund relationship. Further, as indicated above, courts within the Circuit have held that where the trust agreements define plan assets as including unpaid contributions, as occurred here, the employer bound to the agreements has a fiduciary duty as to those contributions. <u>See</u> note 13 above.

It is undisputed that Bos was a member of the Modular Installers Association, an employer association, and was bound to the CBA through the CBA Addendum. Pursuant to the CBA, employers who are parties thereto are obligated to make contributions, which constitute plan assets. Under these circumstances, the court cannot conclude, as Bos would have it, that as a matter of law, he was not a fiduciary of the Trust Funds for purposes of § 523(a)(4).

It is also undisputed that Bos was the owner, operator, and active participant in the management of a business known as BEI. While Bos signed the CBA Addendum, he contends he signed it "solely in his capacity as president of BEI."[17] The Plaintiffs have provided evidence which reveals that Bos signed the CBA Addendum in his capacity as president of the Modular Installers Association.[18] Moreover, the Plaintiffs posit that one of Bos's other companies, Golden Express, was a member of the Modular Installers Association.[19]

Thus, a material fact remains as to whether Bos, individually, or on behalf of one of his business entities, became a signatory to and obligated under the CBA Addendum. Significantly, there is no dispute that Bos personally agreed to be obligated for the outstanding contributions pursuant to a

---

[17] Motion at 5:10, n.1. This representation conflicts with Bos's Statement of Undisputed Facts at ¶ 13 ("Bos was a member of Modular Installers Association . . . and bound to a collective bargaining agreement with the Carpenters Union . . . .")

[18] Opp., Dec. Plommer, Exh. B at 12.

[19] Opp., Dec. Plommer, Exh. A.

promissory note.[20] As indicated above, based on the evidence presented, the court cannot conclude, as a matter of law, that Bos had no authority or control over unpaid contributions due and owing to the Trust Funds or that Bos was not a fiduciary of the Trust Funds under ERISA, and therefore, under § 523(a)(4)

### III. CONCLUSION

For the reasons discussed above, Bos's Motion for Summary Adjudication will be denied.

The court will issue an appropriate order.

Dated: Jan 12, 2012

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

---

20. Bos's Statement of Undisputed Facts at ¶ 15, Opp., Dec. Plommer, Exh. E.